IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 FEB -7 AM 11: 59

CLERK
SO. DIST. OF GA.

JOHN BURNETTE, father of decedent )
JOHN ROBERT BURNETTE, )
)
Plaintiff, )
)
v. )   CIVIL ACTION NO.: CV505-063
)
MILTON SHANE TAYLOR, )
DAVID A. BATTON, )
ROBERT EUGENE WATERS, )
and MICHAEL A. JOHNSTON, )
individually and in their capacities as )
Deputy Sheriffs of Bacon County, )
Georgia, )
)
Defendants. )

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In their Objections, Defendants assert they should be granted summary judgment in their individual capacities. Defendants contend Plaintiff cannot establish they acted with deliberate indifference to an objectively serious medical need of the deceased, John "Buster" Burnette, in light of the entire record. Defendants also contend Plaintiff cannot meet the criteria necessary to overcome their qualified immunity defense. Defendants aver none of them knew Buster "ingested a dangerous dose of narcotics, nor did they have reason to suspect he had." (Doc. No. 73, p. 4.) Defendants allege they did not perceive that Buster

had a serious medical need, which perception was reasonable under the circumstances.

The record before the Court is replete with instances of the existence of genuine issues of material fact, as discussed in the Magistrate Judge's Report and Recommendation. At a minimum, the record leaves open the questions of whether Buster exhibited any signs of needing medical attention and whether Defendants disregarded that need. Defendants are not entitled to summary judgment in their individual capacities based on Plaintiff's Eighth Amendment claims.

Equally unavailing is Defendants' assertion that Plaintiff cannot overcome their qualified immunity defense. As the Eleventh Circuit has articulated, "[w]hen conducting a qualified immunity analysis, district courts must take the facts in the light most favorable to the party asserting the injury. When a district court considers the record in this light, it eliminates all issues of fact. By approaching the record in this way, the court has the plaintiff's best case before it." Robinson v. Arrugueta, 415 F.3d 1252, 1257 (11th Cir. 2005) (citation omitted). Thus, the full extent of the Court's initial inquiry must be this: Taken in the light most favorable to Plaintiff, do the facts alleged show the Defendants' conduct violated a constitutional right? Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001). The Court must answer in the affirmative, as Plaintiff has indeed alleged facts which, taken in the light most favorable to him, would establish a constitutional violation. As noted above and in the Magistrate Judge's Report, the evidence of record supports Plaintiff's claim (for summary judgment purposes) that Defendants were deliberately indifferent to the serious medical needs of his son. The Court must view the evidence in the light most favorable to Plaintiff, drawing all reasonable inferences in his favor. In so doing, the Court concludes genuine issues of material fact

AO 72A
(Rev. 8/82)

preclude granting summary judgment in favor of Defendants on Plaintiff's Eighth Amendment claims.

Having determined that a jury could reasonably find the violation of a constitutional right, the Court now asks whether the law as it existed at the time of the incident in question was sufficiently clear to give reasonable jail officials "fair notice" that denying access to medical care violated the Constitution. The question here is: at the time of the incident in question, was it clearly established that jail officials could face liability under 42 U.S.C. §1983 predicated on claims that they denied or delayed medical treatment? The answer to this question is "yes." For the past thirty years, corrections officials have been on notice that denying access to medical care violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976). Indeed, in the context of qualified immunity analysis, the Eleventh Circuit has explicitly held that "deliberate indifference to serious medical needs is a violation of clearly established law." Kimbell ex. rel Liddell v. Clayton County, Ga., 170 Fed. Appx. 663 (11th Cir. 2006) (citing Behrens v. Pelletier, 516 U.S. 299, 313, 116 S. Ct. 834, 842, 133 L. Ed. 2d 773 (1996)).

Plaintiff filed a Response to Defendants' Objections. Plaintiff asserts the Court "refused to dismiss Defendants in their official capacities" by prior Order. (Doc. No. 74.) Plaintiff seemingly asserts the Magistrate Judge erred in recommending Plaintiff's claims against Defendants in their official capacities be dismissed. However, the Order Plaintiff refers to denied Defendants' Motion to Dismiss in their official capacities based on their assertion of Eleventh Amendment immunity. (Doc. No. 34.) This Order did not imply that Plaintiff's claims against Defendants in their official capacities would remain intact throughout the course of this case.

3

The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. The Motion for Summary Judgment filed by Defendants Taylor, Batton, Waters, and Johnston is **GRANTED**, in part, and **DENIED**, in part. Plaintiff's claims against Defendants in their official capacities are **dismissed**. Plaintiff's claims against Defendants in their individual capacities remain pending.

**SO ORDERED**, this 7th day of February, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA